UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MIA L. WHITE,

        Plaintiff,

        v.                                                 Case No. 20-C-385

PAULA STOUDT,
CAPT. ANN DAHLBERG, and
DAVID SPAUN,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Mia White, who is currently serving a state prison sentence at Robert E. Ellsworth Correctional Center and representing herself, filed a complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $42.96. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on January 3, 2020, Plaintiff went to attend the smudging service with her roommate, Sherleena Danforth. Plaintiff was not allowed to participate because she was "not native." Compl. at 2, Dkt. No. 1. Rev. David Spaun advised Plaintiff that she needed to complete a form in order to participate in the service. Plaintiff asked Spaun if the other women filled out the form, and he responded, "No." *Id.* at 3.

Plaintiff spoke to Captain Dahlberg about the situation. Captain Dahlberg stated that it is disrespectful for someone other than "a native" to attend smudging and told Plaintiff that, if the other inmates allowed her to smudge, she would allow Plaintiff to smudge. Plaintiff then spoke with Officers Gainer, Feldner, and Gibson about the incident. Officer Gibson spoke to Captain Deshler, who advised that Plaintiff needed to complete a religious preference form. Plaintiff completed the form and dropped it into the box. Plaintiff subsequently spoke to Captain Dahlberg about the situation. Plaintiff alleges Captain Dahlberg became disrespectful and stated that they can tell Plaintiff "no" as they please because she is not "a Native." *Id.* at 4.

## THE COURT'S ANALYSIS

Plaintiff alleges that the defendants violated her constitutional rights. The statutory vehicle for seeking redress for violation of one's federally protected rights is 42 U.S.C. § 1983. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff claims that the defendants violated her "right to practice religion." Dkt. No. 1 at 2.

The Free Exercise Clause of the First Amendment guarantees every individual the right to freely exercise his or her religion. In addition, the Religious Land Use and Institutionalized Persons Act (RLUIPA), provides that no government may impose a substantial burden on the right of an institutionalized person, including prisoners, to exercise his or her religion unless the government demonstrates that the burden is "(1) in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering the compelling governmental interest."

42 U.S.C. § 2000cc-1(a)(1)–(2). But neither the First Amendment nor RLUIPA gives a person the right to intrude on the practice someone else's religion. Non-Catholics do not have a constitutional right to receive Catholic sacraments, any more than non-Jews have the right to a have a Rabbi preside over bar mitzvahs for them.

Plaintiff suggests that she wanted to attend the Native American "smudging" ceremony because her roommate was attending. But she does not claim that she is Native American or believes in the tenants of a Native American religion. Plaintiff has no federally protected right to practice a religion to which she does not subscribe. *See Cutter v. Wilinson*, 544 U.S. 709, 725 n.13 (2005) ("Prison officials may appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic. Although RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion, see 42 U.S.C. § 2000cc-5(7)(A), the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity."). Plaintiff's complaint contains no allegations that her ability to practice her religion has been burdened by the defendants. She does not allege that smudging had anything to do with *her* religious practices or even state what her religion is.

If Plaintiff wants to proceed, she must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **July 17, 2020**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir.

4

1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **July 17, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from her institution trust account the $307.04 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 17th day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court - WIED